UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 10-61647 CV-Cooke/White

# The attached hand-written document has been scanned and is also available in the SUPPLEMENTAL PAPER FILE

cat / div ~~SSD / 1983 / Broward~~
Case # _____
Judge _____ Mag __White__
Motn Ifp __Yes__ Fee pd $ __No__
Receipt # _____

(Rev. 09/2007) Complaint Under The Civil Rights Act, 42 U.S.C. § 1983

# UNITED STATES DISTRICT COURT
## Southern District of Florida

Case Number: __unknown__

FILED by ____ D.C.
SEP - 7 2010
STEVEN M. LARIMORE
CLERK U.S. DIST CT
S. D. of FLA. - MIAMI

__Lonnie Dale Baker, Acting Pro Se,__
(Enter the full name of the plaintiff in this action)

v.

__Ian Sklar, Officer Clark,
Detective Gnisci, Officer Cramer,
Officer Tracy Gasset, and Four Unnamed/or
Unknown Police Officers, Individu-
ally, The City of Fort Lauderdale, Fl.__
(Above, enter the full name of the defendant(s) in this action)

## A COMPLAINT UNDER THE CIVIL RIGHTS ACT, 42 U.S.C. § 1983

Instructions for Filing:

This packet includes four copies of the complaint form and two copies of the Application to Proceed without Prepayment of Fees and Affidavit. To start an action you must file an original and one copy of your complaint for the court and one copy for each defendant you name. For example, if you name two defendants, you must file the original and three copies of the complaint (a total of four) with the court. You should also keep an additional copy of the complaint for your own records. All copies of the complaint must be identical to the original.

Your complaint must be legibly handwritten or typewritten. Please do not use pencil to complete these forms. The plaintiff must sign and swear to the complaint. If you need additional space to answer a question, use an additional blank page.

Your complaint can be brought in this court only if one or more of the named defendants is located within this district. Further, it is necessary for you to file a separate complaint for each claim that you have unless they are all related to the same incident or issue.

Page 1 of 5

(Rev. 09/2007) Complaint Under The Civil Rights Act, 42 U.S.C. § 1983

There is a filing fee of $350.00 for this complaint to be filed. If you are unable to pay the filing fee and service costs for this action, you may petition the court to proceed in forma pauperis.

Two blank Applications to Proceed without Prepayment of Fees and Affidavit for this purpose are included in this packet. Both should be completed and filed with your complaint.

You will note that you are required to give facts. THIS COMPLAINT SHOULD NOT CONTAIN LEGAL ARGUMENTS OR CITATIONS.

When these forms are completed, mail the original and the copies to the Clerk's Office of the United States District Court, Southern District of Florida, 400 North Miami Avenue, Room 8N09, Miami, Florida 33128-7788.

## I. Parties

In Item A below, place your name in the first blank and place your present address in the third blank.

A. Name of plaintiff: **Lonnie Dale Baker.**
Inmate #: **551000913.**
Address: **Joseph V. Conte Facility, 1351, N.W. 27th Ave, Pompano Beach, Fl. 33069.**

In Item B below, place the full name of the defendant in the first blank, his/her official position in the second blank, and his/her place of employment in the third blank. Use Item C for the names, positions, and places of employment for any additional defendants.

B. Defendant: **Ian Sklar, Police Officer, CCN# not sure.**
is employed as **(BSO) Broward Sheriff Office, Central Broward,**
at **District 5, Fort Lauderdale, Fl 33311. (Ron Cochran Public Safety Building).**

C. Additional Defendants: **K-9 Officer Clark, Detective Gnisci, Officer Cramer, Officer Tracy Gasset, and**

Page 2 of 5

(Rev. 09/2007) Complaint Under The Civil Rights Act, 42 U.S.C. § 1983

Four Unnamed/or Unknown Police Officers is at: Ft. Lauderdale Police Dept., 1300 W. Broward Blvd, Fort Lauderdale, Fl. 33312.
The City of Ft. Lauderdale Officials: City Mgr's Office, and Risk/mgmt. are at: The City of Ft. Lauderdale City Manager Office 100 N. Andrews Ave. Fort Lauderdale, Fl. 33312

**II.   Statement of Claim**

State here as briefly as possible the <u>facts</u> of your case. Describe how each defendant is involved. Include also the names of other persons involved, dates, and places.

Do not give any legal arguments or cite any cases or statutes. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. Use as much space as you need. Attach an additional blank page if necessary.

Claim One: In violation, pursuant to 42 U.S.C. §1983, of Plaintiff's Fourth and Fourteenth Amendments Rights to be free from unreasonable or excessive force, and due process of life, liberty, and property.
  On August 29, 2006, former Fort Lauderdale Police K-9 handler, Defendant, Ian Sklar, badge # 1229, did use his trained police attack dog K-9 Andor, in an unlawful manner, by permitting the police dog to attack or maul at Plaintiff Baker's arm, crushing and tearing at the arm, as he was lying on his side, unarmed, his arms and

*See: Additional Pages numbered.*

(Rev. 09/2007) Complaint Under The Civil Rights Act, 42 U.S.C. § 1983

hands extended surrounded by four armed police officers and K-9 Officer Clark, where an police officer grabbed Plaintiff from an enclosed truck bed, violently knocking Plaintiff down with the police dog attached. Plaintiff was in a prone position, not resisting, surrounded

### III. Relief

State briefly exactly what you want the court do to do for you. Make no legal arguments. Cite no cases or statutes.

I, Plaintiff Baker, request this Honorable District Court to grant my application attached in Forma Pauperis to redress violations of human and/or civil rights. Please Note: Plaintiff Baker has a pending appeal in the 11th C.A. this year for a Civil Case No. 09. Judge Altonga-Brown. My previous attorney on that case was Jeffrey A. Norkin, P.A. Judge Altonga-Brown just approved my forma pauperis for appeal. Lonnie D. Baker vs. Jonathan Welker, et.al

### IV. Jury Demand

Do you demand a jury trial? ☑ Yes ☐ No

Page 4 of 5

by police officers again at gun point, and a police attack dog, with it's k-9 handler Sklar, at the apprehension area. As Plaintiff was thrown down on the ground, after being removed from the edge of the truck bed, it was obvious, "he was captured" laying on his stomach, unarmed, fatigued, by loss of air. Defendant Sklar failed to remove his police dog off of Plaintiff and allowed the animal to bite hard, and shake, tear, at Plaintiff Baker's arm, for a excessive duration, inflicting serious injuries, while surrounded by several police officer's some whom kicked Plaintiff, because Baker was on his stomach recoiling from the police dog's bites and jaw pressure. Sklar acted in bad faith and with malice to injure and scare Baker with his, Belgium Malinois, k-9 Andor for sport and/or prove the dog's worth. Furthermore, Sklar failed to give any "verbal warnings" to deploy k-9 Andor on Baker to surrender, as Sklar lowered the vehicle tailgate, as Baker's hands were

5.

in view to Sklar, instead Baker encountered K-9 Andor with bites and police officers with their weapons drawn, including after the tail gate incident. Baker was transported by EMS/Fire Rescue on August 29, 2006, and had major surgery to his right bicep/tricep and other bites, including scratches on his body. The damages was surgery, repairing the brachial artery, and numerous days in (ICU), and 12 days stay at Broward General Hospital, including a $60,000.00, hospital bill, and current movement and poor circulation or loss of sensation and artery problems, and fear of large dogs, sometimes (PTSD) post-traumatic stress disorder of the event(s), by attack dogs chasing and biting Plaintiff. And Disfigurment.

Claim Two: In Violation, pursuant to 42 U.S.C. § 1983, of Plaintiff's Fourth and Fourteenth Amendment(s) Rights to be free of excessive force and/or unnecessary force, in apprehending Plaintiff Baker, where all four Unnamed/Unknown Police Officer(s) and Officer Clark: Failed to

6.

intervene Defendant Sklar's unreasonable and/or unnecessary force with his trained police dog K-9 Andor on Baker, no police officer, at the apprehension area intervened each other's misconduct, as Plaintiff Baker laid helpless on the ground seriously injured. All police officers were in a position to intervene, including voice contact of each other. Furthermore, Sklar's police and/or force reports conceal fellow back-up officers at the apprehension scene to conceal the fact-finder among other things.

Claim Three: In Violation, pursuant to 42 U.S.C. § 1983, of Plaintiff's Fourth and Fourteenth Amendment(s) of the U.S. Constitution, Municipal Liability, The City of Fort Lauderdale, under the Monell liability. Plaintiff Baker asserts, that the City of Ft. Lauderdale, K-9 policies to use force in effecting an arrest, by their K-9 Unit police dogs are unreasonable and unconstitutional, by apprehending unarmed, and non-resistant

7.

Suspects, including allowing their trained police dogs to continue biting a suspect, until the arrestee stops reacting to the sensation or pain, mauling, seizure, by the trained police dog.

A.) Baker asserts, K-9 handler Sklar violated his Fourth Amendment rights not to be subject to excessive force, by siccing K-9 Andor on Plaintiff, Sklar's action was triggered by a City policy, custom, or usage.

B.) Baker also contends, regardless, of Sklar's justification or reasonableness by siccing his trained police attack dog on him, while Plaintiff was laid helpless on his side, unarmed, not resisting, and arms, hands, in plain view, including no warning to release K-9 Andor, (where there were alternatives to Sklar), the City's K-9 force policies, allowing a continuation of biting, even unarmed, captured, or not resisting suspect, but until they "stop reacting to the attack dog's biting."

Baker asserts, "this specific use of force", inflicts more damage, and is unreasonable

8.

and unconstitutional.

Claim Four: In violation, pursuant to 42 U.S.C. §1983, Denial of Access to Courts by Defendant(s) for destruction of evidence and spoilation. Plaintiff Baker asserts that, Defendant Sklar, Clark, Four Unknown Officers, including Officer(s) Cramer, Gasset, all aided and abetted and conspired with each other in this case incident, to cover up the civil rights violations, with the aid of Fort Lauderdale Police officials custom, or their usage to avoid liability.

Baker states, that on August 29, 2006, in regards to this incident, an unknown police officer did tear off my polo shirt, after the use of force and K-9 force at the apprehension scene, before the in-field show-up by an witness, where Baker was in handcuffs on the ground seriously injured, absent any shirt, after over hearing, some unknown police officers talking how to fix-up the problem, by removing my polo shirt, before this witness arrived at the scene. No Defendant(s)

9.

in this case at 2323 St. Rd. 84 in Ft. Lauderdale, Fl. in August 29, 2006, placed in evidence or any police reports what happened to Baker's polo shirt, where the clothing that was reported to police dispatch" did not match Plaintiff Baker's clothing", this is why Defendant(s) destroyed the evidence, or destruction of evidence, denying him access to the courts, including in the criminal State Court, Defendants denied Plaintiff exonerating or exculpatory evidence. In addition, Defendant Sklar did conceal or withhold all unknown police officers or back-up officers, at the force apprehension scene in his police and force reports, including false reports inconsistent with witness statements. Sklar's custom, or usage, by the Police Department and/or City is spoilation, the Plaintiff cannot adequately litigate his claims, because of incomplete reports and withheld reports of police officers names, constituting, the "Code of Silence". The unknown Police Officers

10.

are free of any wrongdoing, including their testimony, that would be spoiled, and no proper investigation, was conducted, by any Defendant(s) Police officer(s) Cramer and Gasset also conducted an poor investigation, by not including police officers at the area, including a vague description with the witness also, denying Baker Access to the Courts.

Claim Five: In Violation, pursuant to Section 768.28 (9)(a), Florida Statutes assault and battery claim under State Law. Plaintiff Baker asserts, that Defendant(s) Sklar, Clark, and all unknown police officers, that were present at the apprehension scene did act in bad faith or with malicious purpose, the individual officer's named their actions constituted a wanton and willful disregard of human rights.
   Baker will show first, the level of force applied to him the officers arriving at the apprehension scene in response to Sklar's Call for back up, as Baker was trapped

11.

inside an enclosed truck bed, Sklar, and his police dog Andor, tracked Baker to this vehicle. Sklar peeked inside this truck bed, telling Baker to show his hands and Baker did so, and told Sklar, he could not get out of this vehicle and that, he was out of breathe, because lack of air, not coming into the enclosed truck bed.

Baker states all Defendant(s) Sklar, Clark, (4) unknown police officers that arrived at the apprehension scene after Sklar called for backup, arguably shows a wanton and willful disregard for human rights. When Clark and numerous unknown police officers surrounded the truck at gun point, Sklar, placing himself behind this vehicle opening the tail-gate and holding his k-9 attack dog with the other hand, putting himself in harm's way. Which was not the case, Sklar knew Baker was unarmed, laying on his side and for a while knew Baker was fatigued by loss of air. When Sklar

12.

opened the tail-gate, as Baker was laying on his side at the edge of the tail-gate without warning or reason, Sklar, sicced his k-9 police dog on the tail-gate with Baker that began to bite him an unknown officer snatched Baker off the tail-gate with Andor attached, and knocking him to the ground, as numerous officer's surrounded the event and Andor biting Baker, where it was clear, he was helpless and unarmed and not resisting, as Baker recoiled from the immense pain, by the trained police dog on his stomach, Baker was subjected to several kicks by unknown police officers never included in any of Sklar's reports. Baker asserts, if officer Clark did not use any force on him, Clark failed to intervene the unlawful seizure, Clarks inactions violate an intentional disregard of human rights.

Claim Six: In violation, pursuant to State Law Negligence. Plaintiff Baker will show that, agent Detective

13.

Gnisci employed by the City of Ft. Lauderdale Police Department acted negligently and/or, by the City of Ft. Lauderdale policy, custom or usage or (the doctrine of respondeat superior); by knowing, the Plaintiff's fingerprints were not the one's lifted off the car, or truck, and willfully failed to investigate who the print(s) belonged to, Detective Gnsci stated in his deposition, in State vs. Baker, "the reason the prints were not further put into the (AFIS) fingerprint system was because of the severity of the charge a (auto) burglary as oppossed to a murder charge". Had the prints been searched for in the (AFIS) generated fingerprint system, Baker may had been exonerated, and released from custody sooner than over six months and a conviction in exchange for time served.

Claim Seven: In Violation, pursuant to Negligence and the doctrine of respondeat superior. Baker asserts that, Defendants K-9 handler Sklar and K-9 Officer Clark, and (4) unnamed police officers at the apprehension

14.

scene did on August 29, 2006, Sklar, did intentionally deploy his trained police dog K-9 Andor into an enclosed truck bed to "remove Plaintiff" by K-9 bite force. Fort Lauderdale Police K-9 policies forbid this, stating in part, no person shall be removed or extracted, from an motor vehicle, by K-9 police dog force. Plaintiff Baker was seriously injured in this "enclosed truck bed, that was "narrow" laying on his side" and Defendant Sklar siccing his attack police dog Andor on Baker who was unarmed, and did not provoke an attack, and was captured (where Sklar had other alternatives); including fatigued of lack of air. Sklar was negligent and his negligence was the legal cause of Plaintiff's Baker's damages (for which the City was responsible by the doctrine of respondent superior).

Claim Eight: In Violation, pursuant to Malicious Prosecution. Baker asserts, on August 29, 2006, Sklar did maliciously charge Baker with an "resisting arrest with violence", that lacked probable cause to that count

15.

criminal information. Where Sklar falsely dictated under oath, in his police and force reports, that Baker committed acts against his trained police attack dog K-9 Andor, as the animal mauled or was biting Baker, including Baker, used a stick, that was alleged by Sklar in the truck bed enclosed and narrow. The Broward State Attorney office declined to file charges on Count II. Resisting with Violence Criminal Case No. 06-15272CF10A. Plaintiff Baker was damaged by Defendants Sklar, Clark, Four Unknown Fort Lauderdale Police officers, including K-9 Andor, with unnecessary and/or unreasonable force, that the City was the moving force by policies, customs, or usage. Baker further contends, Sklars, police reports, were drafted days after the event, as Baker was hospitalized for 12 days, including surgery. Sklar's police reports, differ or inconsistent to witness statements, Sklar, was deceitful, and did falsify police reports and perjury, with malice. Baker can prove this claim.

16.

(Rev. 09/2007) Complaint Under The Civil Rights Act, 42 U.S.C. § 1983

Signed this 25th day of August, 2010

_Lonnie Dale Baker_
Lonnie Dale Baker (Signature of Plaintiff)

I declare under penalty of perjury that the foregoing is true and correct. *(optional)*

Executed on: August 25th, 2010

_Lonnie Dale Baker_
(Signature of Plaintiff)

Mr. Lonnie D. Baker
#551000913

Joseph V. Conte Facility
1351 N.W. 27th Ave.
Pompano Beach, Florida
33069